# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Harold Montague,<br><br>　　　　Plaintiff<br><br>v.<br><br>Daniel Collier, et al.,<br><br>　　　　Defendants | Case No.: 2:23-cv-00875-APG-NJK<br><br>**Order Dismissing and Closing Case** |

Plaintiff Harold Montague brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Lovelock Correctional Center.[1] On June 20, 2023, the magistrate judge gave Montague until August 21, 2023, to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee.[2] Montague moved for an extension,[3] and on August 14, 2023, the magistrate judge extended the deadline to September 13, 2023.[4] The magistrate judge warned Montague that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline.[5] That deadline expired and Montague did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] ECF No. 4.
[4] ECF Nos. 5.
[5] *Id.* at 1.

## I. Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[6] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[7] In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Montague's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[10] Courts

---

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[8] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *See Yourish v. Cal. Amplifier*, 91 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[11]  Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a third order setting another deadline.  But issuing a third order will only delay the inevitable and further squander the court's finite resources because Montague ignored the second order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

## II.   Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  It is therefore ordered that this action is dismissed without prejudice based on Harold Montague's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with the magistrate judge's August 14, 2023, order.  The Clerk of Court is directed to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Harold Montague wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or file a fully complete application to proceed *in forma pauperis*.

Dated: October 2, 2023

_____
U.S. District Judge

---

[11] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).